# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| RICHARD SHARIF, | )  |
|           Debtor. | ) Case No. 15-cv-10694 )  |
| _____ | ) Judge Robert M. Dow, Jr. )  |
| HAIFA SHARIFEH, | ) )  |
|           Intervenor-Appellant, | ) On appeal from the U.S. Bankruptcy Court ) for the Northern District of Illinois,  |
|     v. | ) Eastern Division )  |
| HORACE FOX, JR., in his capacity as the Chapter 7 Trustee of Debtor's Estate, | ) Bankr. Case No. 09-BK-05868 ) ) Judge Jacqueline P. Cox  |
|           Appellee. | )  |

## MEMORANDUM OPINION AND ORDER

This is an appeal from the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, Case No. 09-B-05868, by Intevenor-Appellant Haifa Sharifeh a/k/a Haifa Kaj ("Intervenor"), purportedly as executrix of the Estate of her mother, Soad Wattar. Intervenor appealed from the Bankruptcy Court's November 25, 2015 order denying her motion to recuse Bankruptcy Judge Cox [5-1] and order denying her motion to vacate the Bankruptcy Court's August 5, 2010 turnover order [5-2]. On September 26, 2016, this Court issued a memorandum opinion and order [27] affirming both of the Bankruptcy Court's orders. Since that time, Intervenor has filed several motions that currently are before the Court and requested at times that the Court defer consideration of the motions until all were briefed. Specifically, the pending motions are as follows: (1) Intervenor's motion for reconsideration [29]; (2) Intervenor's motion to supplement motion for reconsideration [43]; and (3) Intervenor's motion for leave to file an expert report to include on remand [52]. All of the motions are now fully briefed and ready for decision.

For the reasons explained below, the Court grants Intervenor's motion for reconsideration in part [29], vacates its prior order [27] in part as to the appeal from the turnover order (but not as to the appeal from the recusal order), and remands the case to the Bankruptcy Court with instructions. The Court denies Intervenor's motion to supplement motion for reconsideration [43] and motion for leave to file an expert report to include on remand [52], without prejudice to Intervenor re-filing the same motions in the Bankruptcy Court. The Court also denies Intervenor's request to remand this matter to a new Bankruptcy Court judge for the reasons explained in its order affirming the Bankruptcy Court's order on Intervenor's motion to recuse, see [27] at 13-17.

**I.     Background**

This case has a long and complicated history, much of which was set out in the Court's prior opinion [27]. The essentials are repeated below to provide context for the disposition of the instant motions.

Soad Wattar ("Wattar") was the mother of Intervenor, Debtor Richard Sharif ("Debtor"), Ragda Sharifeh ("Ragda"), and other children who are not directly involved in this appeal. In 1992, Wattar allegedly established a trust called the Soad Wattar Revocable Trust of 1992 ("Trust").

The parties disagree about whether a valid Trust was ever formed and, assuming it was, which version of the trust agreement is operable. Trustee maintains that a valid trust was never formed. In the bankruptcy proceedings, Debtor originally relied on a purported amended trust agreement signed on May 15, 1996 (the "1996 Trust Amendment"), which names Debtor as Trustee, assigns and coveys to the Trustee all of Wattar's real and personal property, grants the Trustee authorization to do all acts of an owner, and grants the Trustee absolute discretion to litigate any claim in favor of or against Wattar's estate. See [15-1] (1996 Trust Amendment).

2

As discussed below, Debtor, Ragda, and Intervenor have since asserted that the 1996 Trust Amendment was subsequently amended to change the trustee and the beneficiaries.

On February 24, 2009, Debtor filed Bankruptcy Case No. 09-BK-05868 in the Bankruptcy Court for the Northern District of Illinois. Intervenor was listed in Schedule F as a creditor holding an unsecured nonpriority claim in the amount of $49,000 for "2004 Loans." [15-32] at 17. The Certificate of Notice dated February 27, 2009, shows that Intervenor was served notice of Debtor's filing of the bankruptcy case, via first class mail addressed to 36 Revere Dr., South Barrington, IL 60010-9584. [15-33] at 3.

On August 24, 2009, WIN—a company that had obtained a $655,592 sanctions judgment against Debtor prior to his filing for bankruptcy—initiated Adversary Proceeding No. 09-00770 against Debtor in the bankruptcy case, naming Debtor both individually and in his capacity as trustee of the Trust. WIN alleged that Debtor was concealing assets by holding them in the Trust's name and that the Trust was Debtor's alter ego. In his answer to WIN's amended complaint, Debtor stated that he was the Trustee of the Trust.

On March 17, 2010, Wattar died in Allepo, Syria.

On May 13, 2010, Debtor's deposition was taken in WIN's adversary proceeding. At his deposition, Debtor produced what he purported to be the Last Will and Testament of his mother Wattar, dated April 26, 2007 (the "April 26, 2007 Will") [15-6]. According to the April 26, 2007 Will, Wattar left all of her estate to the Trustee of the Trust acting at the time of her death (*i.e.*, Debtor). *Id*. at 4, § 5.01. The Will named Debtor as executor and Ragda as successor executor of Wattar's estate. *Id*. at 5, § 8.01.

On July 6, 2010, the Bankruptcy Court determined that Debtor had failed to comply with most of WIN's discovery requests and granted WIN's motion for sanctions. See [15-7]; see also

Bankruptcy Case No. 09-05868, Docket Entry 53. As a sanction, the Bankruptcy Court entered default judgment against Debtor and in favor of WIN in the adversary proceeding. The Bankruptcy Court also entered a declaratory judgment and found that the Soad Wattar Trust was the alter ego of Debtor, because Debtor treated the Trust's assets as his own property and, therefore, it would be unjust to allow him to maintain that the Trust was a separate entity. Based on its finding that Debtor failed to meet his discovery obligations and violated 11 U.S.C. § 727, the Bankruptcy Court denied Debtor a discharge pursuant to 11 U.S.C. § 727(a)(2)-(a)(6). The Bankruptcy Court also ordered Debtor to reimburse WIN for the attorneys' fees that it incurred filing and prosecuting the sanctions motion. Intervenor was served notice that Debtor had been denied a discharge in bankruptcy. See Bankruptcy Case No. 09-05868, Docket Entry 55.

While Debtor was appealing the Bankruptcy Court's order, a lawsuit was filed on behalf of Intervenor (using her married name Haifa Kaj) and her sister Ragda in the Circuit Court for Cook County, Illinois (No. 2010-CH-30432) seeking a preliminary injunction and an order compelling Wells Fargo to transfer approximately $700,000 in Trust assets to Ragda. See [15-4] (amended complaint, file-stamped July 30, 2010). The amended complaint in that action alleges that, pursuant to an amendment made to the Trust on October 8, 2007 (the "2007 Trust Amendment"), Ragda became the successor beneficiary of the Trust at the time of Wattar's death on March 17, 2010. [15-4] at 4, ¶ 12. The amended complaint further alleged that, on July 21, 2010, Debtor resigned as the trustee of the Trust. [15-4] at 5, ¶¶ 15. The amended complaint acknowledged, however, that the Bankruptcy Court had already found in its July 6, 2010 order "that the Soad Wattar Revocable Living Trust was Richard Sharif's *alter ego*." [15-4] at 3, ¶ 7. The amended complaint requested that the court enter declaratory judgment finding, among other things, that Ragda was the successor trustee and successor beneficiary to the Trust and that

Debtor had no legal ownership in any of the assets held in the Trust, [15-4] at 8, ¶ 1(e), (f). The amended complaint did *not* allege that Intervenor was the executor of her mother's estate. [15-4] at 8-9, ¶¶ 1(g), (h). On August 2, 2010, Cook County Circuit Court Judge Agran denied Ragda and Intervenor's motion on the basis that the case was subject to the jurisdiction of the Bankruptcy Court. See [15-14].

On August 5, 2010, the Bankruptcy Court granted the Trustee's July 30, 2010 motion to turn over certain assets of the Trust to the Trustee. See [6-8]. In addition, based on its finding that Wattar transferred all of her assets to the Trust, the Bankruptcy Court ordered Debtor to turn over all interest in any assets related to Debtor, Wattar, or the Trust. The Bankruptcy Court further ordered Debtor, Ragda, and Intervenor to cease any act to exercise any control over property of the estate. [6-8] at 2, ¶ D.

Appeals were taken all the way to the Supreme Court. In the meanwhile, Ragda's attorney, Garrett S. Reidy, filed a motion in the district court to withdraw as Ragda's counsel pursuant to Rule 3.3(b) of the Illinois Rules of Professional Conduct, which requires a lawyer who knows that his client intends to, has, or is engaging in criminal or fraudulent actions in the proceeding to take remedial measures, including disclosure to the tribunal if necessary. Mr. Reidy asserted that in March 2014 he received information which called into doubt whether the Trust had, in fact, been amended on October 8, 2007. Mr. Reidy expressed concern that the purported 2007 Trust Amendment was actually "created and executed sometime *after* Richard Sharif filed for Chapter 7 bankruptcy protection in February of 2009." [15-30] at 3. Mr. Reidy stated that he asked Ragda and Debtor to provide him with evidence that this was not so, and they failed to do so.

5

The Supreme Court ultimately held that Article III permits Bankruptcy Courts to adjudicate *Stern* claims—that is, claims designated for final adjudication in the Bankruptcy Court as a statutory matter but prohibited from proceeding in that way as a constitutional matter—with the parties' knowing and voluntary consent. *Wellness Int'l Network, Ltd. v. Sharif*, 135 S. Ct. 1932 (U.S. 2015). The case was remanded to the Seventh Circuit. On January 13, 2015, Debtor's attorney, William Stevens, filed a motion to withdraw as counsel for Debtor. See [15-31]. Mr. Stevens referred to Mr. Reidy's withdrawal and the reasons therefore and stated that Debtor failed to produce to him any evidence that the purported 2007 Trust Amendment had been executed before Debtor filed for bankruptcy. Mr. Stevens attached to his motion a declaration from the witness whose name is stamped on the first page of the amendment, Stacy Franceschi. See [15-31] at 5-6. Ms. Franceschi stated that sometime in 2009 she signed the first page of the purported 2007 Trust Amendment. By affixing her signature to the amendment, she attested that she witnessed Debtor affix his signature to the amendment on October 8, 2007. However, according to her declaration, Ms. Franceschi did so only because she was "advised by Richard Sharif that the reason both of these Exhibits were being back-dated to October 8, 2007 was because two (2) identical amendments made to the Trust which were actually executed on October 2, 2007 were lost and could not be replaced because one of the persons who served as a witness had died and that the other person who served as a witness had returned to live in Syria." [15-31] at 5, ¶ 5. According to Franceschi, when she witnessed the amendment, it consisted of one page. *Id.* at 6, ¶ 8. When Sharif filed the amendment with the Seventh Circuit, it contained two pages. The second page of the document states that Notary Public Maria Gaud witnessed Debtor, Ms. Franceschi, and Edward Bontkowski affix their signatures on the first page;

however, according to Ms. Franceschi, Maria Gaud was not present during and did not witness the others' signatures. *Id.* at 5-6, ¶ 7.

On July 8, 2015, Debtor sent a letter to the Seventh Circuit asserting that "[o]ne piece of evidence [that his attorney] failed to provide or disclose was that I was no longer the trustee [of the Trust] after 2007, revoked by my mother, Soad Wattar and her attorney." [15-25] at 1. Debtor attached a copy of a document titled "Revocation of Trustee to Soad Wattar Revocable Living Trust of 1992" (the "Revocation of Trustee"). The Revocation of Trustee purported to show that on November 1, 2007, Debtor resigned as Trustee and Ragda took over as Successor Trustee. *Id.* Debtor's allegations directly contradicted his earlier representations to the Bankruptcy Court and appellate courts that he was the Trustee of the Trust at the time he filed for bankruptcy and that he resigned as Trustee in 2010.

On July 24, 2015, the Seventh Circuit granted Stevens' motion to withdraw as counsel. On August 4, 2015, the Seventh Circuit determined that Debtor forfeited any *Stern* argument by waiting until his Seventh Circuit reply brief to challenge the Bankruptcy Court's authority to decide the alter ego claim. See *Wellness Int'l Network, Ltd. v. Sharif*, 617 F. App'x 589, 590-91 (7th Cir. 2015). Therefore, the Seventh Circuit affirmed the Bankruptcy Court's July 6, 2010 decision that the Soad Wattar Trust was the alter ego of Debtor. The Seventh Circuit also reinstated the Bankruptcy Court's award of fees to WIN. *Id.* at 591.

On September 12, 2015, Intervenor, purportedly as Executrix of Wattar's estate, filed a motion for order vacating the Bankruptcy Court's August 5, 2010 turnover order pursuant to Rule 60(b)(4) of the Federal Rules of Civil Procedure. Intervenor asserted that Ragda became the Trustee of the Trust on November 1, 2007 and attached a copy of the Revocation of Trustee. Intervenor argued that the Estate was never served with process and therefore (1) the Bankruptcy

7

Court did not have personal jurisdiction over Wattar's Estate and (2) the Bankruptcy Court's August 5, 2010 order requiring the turnover of property held in the Trust was void.

In his objections to Intervenor's motion, the Trustee attached the April 26, 2007 Will that Debtor had produced in his deposition, and explained that the will left all of Wattar's assets to the Trustee of the Trust acting at the time of her death (Debtor) and, therefore, Intervenor was not entitled to notice.

In her reply brief, Intervenor attached—but did not explain the significance of— documents purporting to be copies of the most recent version of Wattar's will, dated April 28, 2007 (the "April 28, 2007 Will"). See [20] at 2-3; see also [6-12] at Exs. U & V. She also attached an "Affidavit of Syrian Attorney for the Estate of Soad Wattar," who represented that the April 28, 2007 will was attached and that he was attempting to obtain a "certified copy of the order that established the Estate from the courthouse in Aleppo, Syria." Bankruptcy Case [228-1] at 27; [6-12] at Ex. T. The April 28, 2007 Will purports to name Intervenor as Executrix of Wattar's estate.

The Bankruptcy Court denied Intervenor's Rule 60(b)(4) motion on the basis that Intervenor failed to provide any "evidence or information that the property of the bankruptcy estate dealt with in the August 5, 2010 Order belonged to a person or entity not then before the Court." [5-2] at 5. The Bankruptcy Court explained that while Intervenor' attorney "appears to allege that [Intervenor] represents a probate estate by indicating that she is an executrix; however, he also discusses a trust estate without clearly stating who the movant is in relation to a trust or probate estate. What entity does she represent and by what authority?" [5-2] at 4. The Bankruptcy Court also noted that, "[i]f movant Haifa Sharifeh is Haifa Kaj who was scheduled as an unsecured creditor on the Debtor's Schedule F as a creditor owed $49,000, she had notice

of the bankruptcy case as shown by the bankruptcy Noticing Center's Certificate of Service at dkt. no. 9, dated February 25, 2009." *Id.* The Bankruptcy Court further explained that the April 26, 2007 Will submitted by the Trustee (which Debtor provided to the Trustee at his deposition) (1) transferred all of Soad Wattar's property to the Trust, which was held pursuant to a default judgment to be the alter ego of Debtor; and (2) did not name Haifa Kaj as its executrix. The Bankruptcy Court's opinion did not specifically address the Revocation of Trustee or the April 28, 2007 Will.

Intervenor filed a notice of appeal on November 30, 2015, arguing that the Bankruptcy Court's August 5, 2010 Order was void because the court lacked personal jurisdiction over the owner of the property that was transferred to the bankruptcy estate—the estate of Soad Wattar. Intervenor also sought reversal of the Bankruptcy Court's August 5, 2010 order denying Intervenor's motion for recusal.

The Court issued a memorandum opinion and order [27] affirming both of the Bankruptcy Court's orders. As to the turnover order, the Court determined that 1) Intervenor waived her argument that the settlor of a trust is entitled to notice, by failing to discuss or provide any legal support for her position that due process required Wattar or her estate to receive notice; 2) the trustee of the Trust, not the settlor, was entitled to notice; 3) the 2007 Trust Amendment was not properly authenticated, and there were indications that it was not signed until after Debtor filed for bankruptcy; 4) Intervenor failed to establish that she was the executor of her mother's estate because she failed to attach the Syrian court order that purported to establish the estate and did not raise the April 28, 2007 Will until her reply brief in the Bankruptcy Court; 5) that the April 28, 2007 Will was irrelevant in any event, because the 1996 Trust Amendment placed all of Wattar's assets in the Trust, only the Trustee was entitled to

9

notice, and Intervenor was not the Trustee; 6) Intervenor failed to provide any legal support for her argument that her due process rights were violated, and therefore waived the argument; and 7) Intervenor had actual notice of Debtor's bankruptcy because she was a creditor and she filed the Cook County lawsuit in which she acknowledged the Bankruptcy Court's turnover order.

Intervenor now moves for reconsideration of the Order denying her Rule 60(b)(4) motion and for leave to add various documents to the record on appeal.

## II.     Legal Standards

Intervenor moved to vacate the Bankruptcy Court's August 5, 2010 turnover order pursuant to Rule 60(b)(4) of the Federal Rules of Civil Procedure on the basis that the Bankruptcy Court lacked personal jurisdiction over the property held in the Trust. Rule 60(b)(4) provides that, "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding [if] the judgment is void." Fed. R. Civ. P. 60(b)(4). "Federal courts considering Rule 60(b)(4) motions that assert a judgment is void because of a jurisdictional defect generally have reserved relief only for the exceptional case in which the court that rendered judgment lacked even an 'arguable basis' for jurisdiction." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010) (quoting *Nemaizer v. Baker*, 793 F.2d 58, 65 (2d Cir. 1986)).

The Court "review[s] the denial of most motions for relief under Rule 60(b) only for an abuse of discretion." *Philos Techs., Inc. v. Philos & D, Inc.*, 645 F.3d 851, 854 (7th Cir. 2011). Since "relief under Rule 60(b) is 'an extraordinary remedy and is granted only in exceptional circumstances,' a district court abuses its discretion only when 'no reasonable person could agree' with the decision to deny relief." *Eskridge v. Cook County*, 577 F.3d 806, 809 (7th Cir. 2009) (quoting *McCormick v. City of Chicago,* 230 F.3d 319, 327 (7th Cir. 2000)). While the court "has no discretion to deny a Rule 60(b)(4) motion to vacate a judgment entered against a

10

defendant over whom the court lacks personal jurisdiction, regardless of the specific reason such jurisdiction is lacking," *Philos*, 645 F.3d at 854-55, it has discretion to determine in the first instance whether personal jurisdiction is present.

A motion for rehearing under Federal Rule of Bankruptcy Procedure 8022 is the bankruptcy counterpart to Federal Rule of Civil Procedure 59(a) and authorizes the district court to correct "manifest errors of law or misapprehensions of fact." *In re Dvorkin Holdings*, 2016 WL 1644323, at *2 (N.D. Ill. 2016). "A 'manifest error' occurs when the district court commits a 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Burritt v. Ditlefsen*, 807 F.3d 239, 253 (7th Cir. 2015) (quoting *Oto v. Metro. Life Ins. Co.,* 224 F.3d 601, 606 (7th Cir. 2000)). A motion for rehearing "'does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment.'" *United States v. Resnick*, 594 F.3d 562, 568 (7th Cir. 2010) (quoting *Bordelon v. Chicago School Reform Bd. of Trustees,* 233 F.3d 524, 529 (7th Cir. 2000)).

**III. Analysis**

The first error that Intervenor alleges is that the Court erroneously referred to Stacy Franceschi as the notary of the 2007 Trust Amendment, when in fact she was a witness to that document. The Court has corrected this reference in the background section of this order but finds it unnecessary to further address this issue (or any potential significance it may have for the case) because it is vacating its prior order (to the extent it affirms the Bankruptcy Court's denial of Intervenor's Rule 60(b)(4) motion) and remanding to the Bankruptcy Court for further proceedings.

The second error alleged by Intervenor is that the Court should have accepted the April 28, 2007 Will "as the valid will," rather than the April 26, 2007 Will. [29] at 3. The Court found, among other things, that Intervenor waived this issue by failing to attach the April 28, 2007 Will to her Rule 60(b)(4) motion in the Bankruptcy Court. However, upon further review of the record, it does not appear that the Bankruptcy Court expressly ruled on the waiver issue or specifically addressed the April 28, 2007 Will, which was first cited in Intervenor's Reply Brief. With a better understanding that this later will is the lynchpin of Intervenor's due process argument, the Court concludes that further development of the record regarding these issues and any reconsideration of which version of the will is "the valid will, see [29] at 3, would be best left for development by the Bankruptcy Court in the first instance. Therefore, the Court will vacate the portion its earlier opinion affirming the Bankruptcy Court's denial of the motion to vacate the August 5, 2010 turnover order and remand the case to the Bankruptcy Court for further proceedings consistent with this opinion. On remand, the Bankruptcy Court should determine (1) whether Intervenor waived her right to rely on the April 28, 2007 Will (by failing to attach it to her Rule 60(b)(4) motion or to comply with applicable evidentiary rules, or for any other reason), and (2) if there is no waiver, which version of the will is the controlling one. The Bankruptcy Court is also free to invite additional briefing and hearing on any other relevant issues that it previously identified but did not decide—such as laches and issue preclusion—and to resolve Intervenor's motion on any of those grounds as the Court sees fit.

The third error alleged by Intervenor is that she cannot be deemed to have received actual notice of the bankruptcy proceeding, because the Bankruptcy Court did not make any factual adjudication of this issue. More specifically, Intervenor argues that she never lived at the Barrington address to which she was mailed notice as a creditor of Debtor; that she might have

been estranged from Debtor and Radga, who both actively participated in the bankruptcy proceeding and ancillary actions; and that she might not have known about or authorized the filing of the Cook County action on her behalf in 2010. However, Intervenor has not provided any competent evidence—such as a sworn declaration—that she did not know about the bankruptcy case or the Bankruptcy Court's order requiring Debtor to turn over the proceeds of the Trust, or that she did not know about or authorize the Cook County action. The courts are not required to give Intervenor unlimited opportunities to provide proof in support of her Rule 60(b) motion. Nonetheless, since the Court is remanding the case to the Bankruptcy Court, the Bankruptcy Court is free to explore further whether Intervenor had actual notice of Debtor's bankruptcy and the turnover order and to make additional findings in that regard.[1] The Bankruptcy Court may decide that Intervenor has waived this issue or consider it on its merits and make factual findings.

The fourth error alleged by Intervenor is that she did not waive her argument that the settlor of a trust is entitled to notice by failing to cite any legal precedent, because this is a factual issue that depends on whether the settlor owns any property in the trust. The Court is not persuaded. Assuming that Wattar did own property that was placed in the Trust, this still leaves the purely legal question whether the settlor of a trust is entitled to notice before assets of the Trust are made part of a bankruptcy estate. The Bankruptcy Court determined that the trustee is the party entitled to notice, and Intervenor has never cited any legal precedent that calls the Bankruptcy Court's conclusion into question.

---

[1] The Bankruptcy Court previously noted that Intervenor had notice of the bankruptcy case by virtue of having been listed as an unsecured creditor on the Debtor's Schedule F, citing a February 25, 2009 certificate of service. However, the Bankruptcy Court did not find that Intervenor had actual notice of the bankruptcy case, nor did the court address the Trustee's argument that Intervenor's participation in the 2010 Cook County lawsuit provides convincing evidence of notice to Intervenor of the bankruptcy proceedings and the turnover order.

The Court now turns to Intervenor's motions to supplement the record. See [43], [52]. The Court denies these motions without prejudice and without expressing any opinion on their merits. Intervenor is free to address the same issues to the Bankruptcy Court on remand, and the Bankruptcy Court is free to rule on them as it sees fit.

There is one final issue to which the Court directs the parties' and the Bankruptcy Court's attention on remand. In her Rule 60(b)(4) motion, Intervenor asserted that the 2007 Revocation of Trustee removed Debtor and appointed Ragda as Trustee of the Trust. See [194-4]. The Bankruptcy Court determined that "[t]he trust's trustee, the Debtor Richard Sharif, was the proper party before the Court as both a debtor and the trustee of the trust whose assets were sought," [5-2] at 4, but does not expressly address the 2007 Revocation of Trustee. It would provide helpful clarity to this Court if the Bankruptcy Court would address this document and its interplay, if any, with the Bankruptcy Court's conclusion that Debtor was the trustee of the Trust at the time the turnover order was entered. As with the April 28, 2007 Will, the Trustee may have evidentiary or waiver objections, which he is free to raise.

## IV. Conclusion

For the foregoing reasons, the Court grants Intervenor's motion for reconsideration in part [29], vacates its prior order [27] as to the appeal from the turnover order (but not as to the appeal from the recusal order), and remands the case to the Bankruptcy Court for further proceedings consistent with this opinion. The Court denies Intervenor's motion to supplement motion for reconsideration [43] and motion for leave to file an expert report to include on remand [52], without prejudice to Intervenor filing the same motions in the Bankruptcy Court. The Court also denies Intervenor's request to remand this matter to a new Bankruptcy Court

14

judge, for the reasons explained in its order affirming the Bankruptcy Court's order on Intervenor's motion to recuse, see [27] at 13-17.

Dated: September 28, 2017

_____
Robert M. Dow, Jr.
United States District Judge